## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

LARRY PHILPOT

      Plaintiff,

v.

UMG RECORDINGS, INC.,

      Defendant.

Case No. 1:17-cv-05058-AT

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
## MOTION TO DISMISS COMPLAINT

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ...................................................................................... ii

BACKGROUND ....................................................................................................... 1

ARGUMENT ............................................................................................................. 3

I.    PLAINTIFF'S REGISTRATIONS FOR THE PHOTOGRAPHS ARE INVALID ..... 4

    a.   Plaintiff Publisnhed the Travis and Nelson Photographs Prior to Registration
       When He Uploaded Them to the Internet and Provided a World-Wide
       Perpetual License to the Public to Reproduce and Distribute them......................... 5

    b.   Plaintiffs' Knowing Registration of Published Photographs As Part of
       Unpublished Collections Renders the Registrations Invalid ................................... 8

CONCLUSION .......................................................................................................... 12

# TABLE OF AUTHORITIES

## CASES

*Acad. of Motion Picture Art & Scis. v. Creative House Promotions, Inc.*,
944 F.2d 1446 (9th Cir. 1991) ................................................................6

*Allen v. Scholastic Inc.,* 739 F. Supp. 2d 642 (S.D.N.Y. 2011).................3

*Archie MD, Inc. v. Elsevier, Inc.,* No. 16-cv-6614 (JSR),
2017 U.S. Dist. LEXIS 133381 (S.D.N.Y. Aug. 20, 2017).....................7, 9, 10, 11

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009).....................................................3

*Bell Atl. Corp v. Twombly,* 550 U.S. 544 (2007)........................................3

*Brown v. Tabb,* 714 F. 2d 1088 (11th Cir. 1983).......................................6

*Chambers v. Time Warner, Inc.* 282 F. 3d 147 (2d Cir. 2002) ..............3-4

*Determined Productions, Inc. v. Koster,* No. C-92-1697, 1993 WL 120463,
1993 U.S. Dist. LEXIS 4586 (N.D. Ca. Apr. 14, 1993) ...........................5, 8

*Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.,*
896 F. Supp. 2d 225 (S.D.N.Y. 2012) .....................................................2, 5, 8

*Getaped.com, Inc. v. Cangemi,* 188 F. Supp. 2d 398 (S.D.N.Y. 2002) .....6

*Gold Value Int'l Textile, Inc. v. Santuary Clothing, LLC,* No. 16-cv-00339 (JAK) (FFM),
(C.D. Cal. Apr. 28, 2017)..........................................................................9

*Granse v. Brown Photo Co.,* No. 3-80-338, 1985 U.S. Dist. LEXIS 18318 (D. Minn. July
1, 1993) ....................................................................................................8-9

*Grecco v. AP,* No. 16-cv-6240 (VEC), 2017 U.S. Dist. LEXIS 105264 (S.D.N.Y. July. 7,
2017) ........................................................................................................4

*Ipreo Holdings, LLC v. Thomson Reuters Corp.,* No. 09-cv-8099 (BSJ), 2011 WL
855872, 2011 U.S.  Dist. LEXIS 25356 (S.D.N.Y. Mar. 7, 2011) ...........4-5

*Kernal Records Oy v. Mosley,* 794 F. Supp. 2d 1355 (S.D. Fla. 2011)...............6-7

*Kramer v. Time Warner, Inc.*, 937 F.2d 767 (2d Cir. 1991).......................4

*In re Livent Noteholders Sec. Litig.*, 151 F. Supp. 371 (S.D.N.Y. 2001) .................3

**TABLE OF AUTHORITIES**
**(CONTINUED)**

## CASES

*In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d, 566 (S.D.N.Y. 2010) ........................3

*McLaren v. Chico's FAS, Inc.,* No. 10-CV-2481 (JSR), 2010 WL 4615772,
2006 U.S. Dist. LEXIS 120185 (S.D.N.Y. Nov. 9, 2010) ........................................4

*Murakami-Wolf-Swenson, Inc. v. Cole.,* 40 F. Supp. 2d 1365 (D. Or. 2014) ...........................6

*Palmer/Kane LLC v. Gareth Stevens Publ'g,* No. 15-cv-7404 (GHW),
2016 WL 6238612, 2016 U.S. Dist. LEXIS 147336 (S.D.N.Y. 2016)....................................10

*Palmer/Kane LLC v. Rosen Book Works, LLC,*
188 F. Supp. 3d 347 (S.D.N.Y. 2016) ........................................................................ 9-10, 12

*Penguin Books U.S.A. v. New Christian Church of Full Endeavor, Ltd.,* 288 F. Supp. 2d
544 (S.D.N.Y. 2003).........................................................................................6, 11

*Philpot v. Bake Me a Wish, LLC,* No. 14-cv-1356-SEB-DML, (S.D. Ind. Aug. 18, 2014).......2

*Philpot v. Catholic Family Center*, No. 14-cv-1788-TWP-DML, (S.D. Ind. Oct. 31, 2014)....2

*Philpot v. Music Times, LLC,* No. 16-cv-1277 (DLC) (DF), 2017 U.S. Dist. LEXIS 48454
(S.D.N.Y. Mar. 29, 2017) ........................................................................7

*Playboy Enters. v. Chuckleberry Publ'g, Inc.,* 939 F. Supp. 1031 (S.D.N.Y. 1996) ...............7

*Playboy Enters. v. Russ Hardenburgh.,* 982 F. Supp. 503 (N.D. Ohio 1997) ..........................7

*Ray v. Weit,* No. 16-1106, 2017 WL 3951757, 2017 U.S.  Dist. LEXIS 17353 (2d Cir.
Sept. 8, 2017) ........................................................................3

*Reed Elsevier, Inc. v. Muchnick,* 559 U.S. Dist. 154 (2010) ....................................4

*Robers v. Gordy,* No. 13-cv-24700 (CIV) (KMW), (S.D. Fla. Jan. 27, 2016) ...................9, 10

*William A. Graham Co. v. Haughey,* 430 F. Supp. 2d 458 (E.D. Penn. 2006).........................6

## STATUTES

17 U.S.C. § 101.....................................................................................................5

17 U.S.C. § 411................................................................................................ *passim*

**TABLE OF AUTHORITIES
(CONTINUED)**

**RULES**

Fed. R. Evid. 201 ................................................................................................................4

**OTHER AUTHORITIES**

Mellville B. Nimmer, 1 *Nimmer on Copyright* § 4.08[A]  ......................................................6

United States Copyright Office, *Compendium of Office Practices II* § 904(5)  .......................8

United States Copyright Office, *Compendium of Office Practices III* § 1106.1  .....................8

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant UMG Recordings, Inc. ("UMG") submits this memorandum of law in support of its motion to dismiss Plaintiff Larry Philpot's ("Plaintiff") complaint, dated July 5, 2017 (ECF No. 1) for failure to state a claim.  In this action for alleged copyright infringement, Plaintiff's failure to obtain valid certificates of registration, a statutory prerequisite to bringing suit, *see* 17 U.S.C. § 411(a), mandates dismissal.

## **BACKGROUND**

Plaintiff is a serial litigant who has filed dozens of copyright infringement complaints regarding photographs he otherwise freely licenses.  Several years ago, Plaintiff published photographs of the musicians Willie Nelson, Kenny Chesney, and Randy Travis (the "Photographs") on the public website Wikimedia Commons (www.commons.wikimedia.org) ("Wikipedia"), granting the public a royalty-free license to download, reproduce, and display the Photographs in all media and formats, for any purpose.  The license is subject to minor limitations, such as providing reasonable attribution.  When someone uses the Photographs outside of those minor limitations, however, Plaintiff files copyright infringement lawsuits and demands exorbitant financial settlements, rather than simply asking for a correction.  In doing so, Plaintiff has created a cottage industry out of ensnaring users of the otherwise-free Photographs into copyright infringement lawsuits.  UMG is Plaintiff's latest target.

UMG owns and operates the country news website www.soundslikenashville.com (the "SLN Website").  Plaintiff alleges that UMG reproduced and displayed thumbnail-sized portions of the Photographs in connection with three artist biography sections on the SLN Website. Compl. ¶¶ 16, 20, 24.  UMG denies that the alleged use was infringing.  Moreover, forming the basis for this motion, UMG asserts that Plaintiff has not fulfilled his statutory requirements for

bringing a civil action for copyright infringement.

Plaintiff rests his authority to bring this suit on two copyright registrations, both of which are for unpublished collections, and neither of which are valid.  The Nelson Photograph was registered on September 5, 2012 as part of one unpublished collection (Registration # VAu 1-132-411), and the Travis and Chesney Photographs were registered on August 21, 2013 as part of another unpublished collection (Registration # VAu 1-164-624).  *See* Compl. ¶¶ 9, 12, 15.[1] Notably, Plaintiff had already published the Travis and Nelson Photographs on Wikipedia at the time he registered them as part of unpublished collections.  *See* Declaration of Leo M. Lichtman ("Lichtman Decl.") ¶¶ 2-3, Ex. 1.  Plaintiff understood the date of publication to be the date he uploaded the Photographs to Wikipedia, as he regularly admitted.  *See, e.g.,* Compl. at ¶ 9, *Philpot v. Catholic Family Center*, No. 1:14-cv-1788-TWP-DML (S.D. Ind. Oct. 31, 2014) (ECF No. 1) ("The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website."); Compl. at ¶ 10, *Philpot v. Bake Me a Wish, LLC*, No. 1:14-cv-1356-SEB-DML (S.D. Ind. Aug. 18, 2014) (ECF No. 1) ("[O]n May 31, 2011 Plaintiff agreed to make the Nelson Photograph generally available through Wikimedia for distribution, public display, and public digital performance . . .").  *See* Lichtman Decl. ¶ 7, Ex. 4.  Accordingly, on the dates he registered the Travis and Nelson Photographs as part of unpublished collections, he understood that they were already published.  UMG notified Plaintiff's counsel that this fundamental registration error renders the underlying copyright registrations invalid, yet Plaintiff persists on bringing faulty claims.

---

[1] The "u" after "VA" signifies that the registration is for unpublished works.  *See Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 225 (S.D.N.Y. 2012).

## ARGUMENT

UMG moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion to dismiss should be granted where the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (concluding that a complaint must be dismissed where it does not "nudge [a plaintiff's] claims . . . across the line from conceivable to plausible").  Although all allegations contained in the complaint are assumed to be true, this tenet does not apply to legal conclusions.  *Ray v. Weit*, No. 16-1106, 2017 WL 3951757, 2017 U.S. App. LEXIS 17353, at *2 (2d Cir. Sept. 8, 2017); *Iqbal*, 556 U.S. at 681 (stating that conclusory allegations "are not entitled to be assumed true").  Further, "a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice."  *In re Livent Noteholders Sec. Litig.*, 151 F. Supp. 371, 405-06 (S.D.N.Y. 2001); *In re MBIA, Inc. Sec. Litig.*, 700 F. Supp. 2d, 566, 576 (S.D.N.Y. 2010) ("The Court need not accept as true any allegations that are contradicted by documents deemed to be part of the complaint, or materials amenable to judicial notice.").

While the court is normally required to consider only the allegations in the complaint, the court is allowed to consider documents outside the pleading if the documents are integral to the pleading or subject to judicial notice.  *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 653 (S.D.N.Y. 2011) (citing Wikipedia articles to support its decision to dismiss a copyright infringement claim based on alleged infringement of a novel's original plot points); *Chambers v.*

3

*Time Warner, Inc.* 282 F.3d 147, 153 (2d Cir. 2002) (finding recording contracts integral to the

complaint where defendant introduced the contracts to show that plaintiffs' copyright claims

were barred for lack of ownership); *McLaren v. Chico's FAS, Inc.*, 10 Civ. 2481 (JSR), 2010 WL

4615772, 2010 U.S. Dist. LEXIS 120185, at *7, n.2 (S.D.N.Y. Nov. 9, 2010) (finding that

judicial notice could be taken of materials related to the first publication of a work in considering

whether a copyright registration was valid); *Grecco v. AP*, 16-CV-6240 (VEC), 2017 U.S. Dist.

LEXIS 105264, at *5-6 (S.D.N.Y. July 7, 2017) (stating a copyright registration is integral to

plaintiff's copyright claims, and taking judicial notice of an article that allegedly featured the

photograph at issue prior to its registration).[2]

## I.   PLAINTIFF'S REGISTRATIONS FOR THE PHOTOGRAPHS ARE INVALID

The certificates of registration that Plaintiff relies on for the Photographs are invalid, and

therefore the Court should dismiss the Complaint.  Absent narrow exceptions, "no civil action for

infringement of the copyright in any United States work shall be instituted until . . . registration

of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  While a

certificate of registration normally satisfies these requirements, an inaccurate certificate of

registration is invalid if the inaccurate information was included on the copyright registration

application with knowledge that it was inaccurate, and the inaccuracy is material, such that the

Register of Copyrights would have refused registration if it had been known.  17 U.S.C. §

411(b)(1).  Absent valid registrations, Plaintiff has no basis for bringing this lawsuit.  *See Reed*

*Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157-58 (2010); *Ipreo Holdings LLC v. Thomson*

---

[2] A court may take judicial notice of a fact "that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201.  Courts routinely take judicial notice of documents filed in other courts, not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings.  *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 775 (2d Cir. 1991).

*Reuters Corp.*, No. 09 Cv. 8099 (BSJ), 2011 WL 855872, 2011 U.S. Dist. LEXIS 25356, at *14-15 (S.D.N.Y. Mar. 7, 2011) (dismissing copyright infringement claims due to invalid copyright registrations covering the works at issue)

In this case, there is no question that Plaintiff had published the Travis and Nelson photographs prior to registration, and therefore, wrongly identified them as part of an unpublished collection.  Time and again, courts have held this to be a fundamental registration error.  *See, e.g., Family Dollar Stores, Inc. v. United Fabrics Int'l, Inc.*, 896 F. Supp. 2d 223, 231-32 (S.D.N.Y. 2012); *Determined Productions, Inc. v. Koster*, No. C 92-1697, 1993 WL 120463, 1993 U.S. Dist. LEXIS 4586, at *2 (N.D. Ca. Apr. 14, 1993).  Plaintiff knew that these works were published when he registered them as part of the unpublished collection.  It does not take a lawyer to know that posting photographs online and *licensing them to the world* constitutes a publication, in both the legal and the colloquial sense.  Evidencing this, Plaintiff has affirmed that he "published" the works prior to the date of registration on multiple occasions. See Lichtman Decl. ¶ 7, Ex. 4.  As Plaintiff's knowing inaccuracy was material to the Copyright Office's decision to issue the certificate of registration, Plaintiff's registration for the Photographs should be invalidated and this Court should dismiss Plaintiff's Complaint.

     **a.**    **Plaintiff Published the Travis and Nelson Photographs Prior to Registration When He Uploaded Them to the Internet and Provided a World-Wide, Perpetual License to the Public to Reproduce and Distribute Them**

Section 101 of the Copyright Act defines "publication" to be "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending."  17 U.S.C. § 101.  A publication can also be made through the "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display."  *Id.*  The foregoing definition codified the definition of

5

"publication" under the 1909 Copyright Act, as the term of art was construed by the courts.  *See Murakami-Wolf-Swenson, Inc. v. Cole*, 40 F. Supp. 3d 1365, 1369 (D. Or. 2014) (citing 1 *Nimmer on Copyright*, § 4.08[A]).

Courts that have considered when a pre-1976 work was first published have distinguished between a limited publication and a general publication.  A publication is "limited" where tangible copies of the work are distributed both (1) to a "definitely selected group," and (2) "for a limited purpose, without the right of further reproduction, distribution, or sale."  *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1452 (9th Cir. 1991). By contrast, a general publication, which constitutes a "publication" within the meaning of copyright law, occurs when a work is made available to members of the public regardless of who they are or what they will do with it.  *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 288 F. Supp. 2d 544, 555 (S.D.N.Y. 2003) (citing *Creative House Promotions*, 944 F.2d at 1451); *Brown v. Tabb*, 714 F.2d 1088, 1091 (11th Cir. 1983) ("A general publication occurred when a work was made available to members of the public at large without regard to their identity or what they intended to do with the work.").  Even if one copy of a work passes to one member of the general public, a publication can be found.  *See William A. Graham Co. v. Haughey*, 430 F. Supp. 2d 458, 470 (E.D. Penn. 2006).

Applying these principles to the digital age, courts have held repeatedly that posting material online without restricting their further dissemination constitutes a "publication."  *See, e.g. Getaped.com, Inc. v. Cangemi*, 188 F. Supp. 2d 398, 401 (S.D.N.Y. 2002) (holding that plaintiff published his website online as he could no longer control its duplication or further distribution); *Kernal Records Oy v. Mosley*, 794 F. Supp. 2d 1355, 1365 (S.D. Fla. 2011) (finding publication occurred when plaintiffs posted the file to their work to the Internet and

made it available for download); *Playboy Enters. v. Chuckleberry Publ'g, Inc.*, 939 F. Supp. 1032, 1039 (S.D.N.Y. 1996) (holding that uploading pictorial images and allowing them to be downloaded constitutes a distribution to the public); *Playboy Enters. v. Russ Hardenburgh*, 982 F. Supp. 503, 513 (N.D. Ohio 1997) (finding that posting photographs to an online bulletin board for further download constituted a distribution to the public).  This is because the "initial transfer of a copy in anticipation of further distribution may nonetheless amount to publication." *Archie MD, Inc. v. Elsevier, Inc.*, 16-cv-6614 (JSR), 2017 U.S. Dist. LEXIS 133381, at *11-12 (S.D.N.Y. Aug. 20, 2017) (finding that licensing the work to one entity and allowing it to "use, reproduce, publish, transmit, and distribute the work" constituted a publication).

In the instant case, Plaintiff uploaded the Travis Photograph to Wikipedia in July of 2013 (over one month before copyright registration), and uploaded the Nelson Photograph to Wikipedia at the end of May/beginning of June 2011 (well over a year before copyright registration).  Lichtman Decl. ¶¶ 2-3, Ex. 1 (Wikipedia pages for the Travis and Nelson Photographs, showing the dates and times the files for the Photographs were first uploaded). Plaintiff did not simply display the Photographs on the Internet; rather, he willingly *invited* the public to use and further disseminate the Photographs.  When Plaintiff uploaded the Photographs to Wikipedia, he did so under Creative Commons licenses, which provide the public with a "worldwide, royalty-free, non-exclusive, perpetual license to reproduce the work, and to distribute and publicly perform the work."  Lichtman Decl., ¶¶ 4-5, Ex. 2.  This represents such an obvious case of publication that the Court, Plaintiff, and his prior counsel have all accepted this truth as a given.  *See Philpot v. Music Times LLC*, No. 16-cv-1277 (DLC) (DF), 2017 U.S. Dist. LEXIS 48454, at *3 (S.D.N.Y. Mar. 29, 2017) ("In this instance, Plaintiff published the Copyrighted Photographs under a 'Creative Commons' license on 'Wikipedia,' at

http://commons.wikimedia.org."); *see* Lichtman Decl. ¶ 7, Ex. 4 (complaints filed by plaintiff, both pro se, and with counsel, referring to his Photographs as being "published" on Wikipedia).[3] Accordingly, it is beyond dispute that the Travis and Nelson Photographs were published when they were uploaded to Wikipedia and freely licensed to the world under a Creative Commons license.

**b.   Plaintiffs' Knowing Registration of Published Photographs As Part of Unpublished Collections Renders the Registrations Invalid**

It is axiomatic that a published work cannot be registered as part of an unpublished collection. *See Family Dollar*, 896 F. Supp. 2d at 230 ("Where the applicant seeks registration as an unpublished work and provides the Office with a statement of facts which clearly show that publication has occurred, the Office will not register a claim to copyright in the work as unpublished.") (quoting United States Copyright Office, *Compendium of Office Practices II* § 904(5)); United States Copyright Office, *Compendium of Office Practices III* § 1106.1 ("In particular, an applicant cannot use [the unpublished collection] option to register a number of published and unpublished works.").  Such an error is deemed to be a fundamental registration error, and courts have time and again invalidated copyright registrations based on this error.  *See, e.g. Family Dollar*, 896 F. Supp. 2d at 231-32 (finding that the inclusion of 13 previously published designs in a collection of purportedly unpublished designs constituted a material registration error); *Determined Productions*, 1993 U.S. Dist. LEXIS 4586, at *2 (holding that "[w]rongly identifying a number of published individual works as an unpublished collection is a fundamental registration error," invalidating the registration); *Granse v. Brown Photo Co.*, No.

---

[3] Plaintiff alleges that UMG "published" articles that featured the Photographs, and that such alleged publication forms the basis for Plaintiff's claims.  *See* Compl. ¶¶ 16, 20, 24.  Plaintiff cannot take the stance that UMG's alleged display of the Photographs on its own website amounted to a publication while arguing that Plaintiff's uploading the Photographs to a website *for the sole purpose* of providing users with a free license, did not.

3-80-338, 1985 U.S. Dist. LEXIS 18318, at *43 (D. Minn. July 1, 1985) ("Because [plaintiff] registered published works as unpublished collections, those registrations . . . are invalid.").

The Copyright Office has routinely stated that it would have denied registrations for unpublished collections if it was aware the works being registered were published, affirming that such an error is material. *See, e.g.* Response of the Acting Register of Copyright to Request Pursuant to 17 U.S.C. § 411(b)(2), *Archie MD, Inc v. Elsevier, Inc.*, 16-cv-6614 (JSR) (S.D.N.Y. June 16, 2017) (ECF No. 79) ("In general, had the Office been aware that the Work had been *published* prior to registration, the Office would have refused registration because the unpublished collections option is limited to unpublished works."); Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2), *Gold Value Int'l Textile, Inc. v. Sanctuary Clothing, LLC*, No. 2:16-cv-00339-JAK-FFM (C.D. Cal. Apr. 28, 2017) (ECF No. 122-1) ("[H]ad the Office been aware that the [design] had been previously published, the Office would have refused registration of that work using the unpublished collection option because the work was registered as unpublished when in fact it had been published."); Response of the Register of Copyrights to Request Pursuant to 17 U.S.C. § 411(b)(2), *Roberts v. Gordy*, No. 13-24700-CIV-KMW (S.D. Fla. Jan. 27, 2016) (ECF No. 383-1) (stating that the Office would have refused to issue a registration for an unpublished work if it had known that the phonorecord in question had been distributed to numerous radio and/or nightclub disc jockeys for the purpose of playing and/or promoting the composition prior to registration).[4]

While some courts have distinguished between material inaccuracies and technical accuracies, holding that only the latter requires a showing that the applicant knew of the inaccuracy, other courts do to not make that distinction. *See, e.g. Palmer/Kane LLC v. Rosen*

---

[4] Attached as Exhibit 5 to Lichtman Decl.

*Book Works LLC*, 188 F. Supp. 3d 347, 352 (S.D.N.Y. 2016) ("The standard is whether the applicant knowingly included inaccurate information on its application that could have led the Copyright Office to refuse registration."); *Archie MD, Inc. v. Elsevier, Inc.*, No. 16-cv-6614 (JSR), 2017 U.S. Dist. LEXIS 133381, at * (S.D.N.Y. Aug. 20, 2017) (holding that a claim should not be dismissed if inaccurate information was inadvertently included in the copyright registration, whether or not the inaccurate information is material).  However, no court in the Second Circuit has gone so far as to read fraudulent intent into the statute.  *See Rosen Book Works*, 188 F. Supp. 3d at 352 (rejecting plaintiff's position that the statute requires a showing of fraudulent intent on the part of the applicant); *Palmer/Kane LLC v. Gareth Stevens Publ'g*, No. 1:15-cv-7404-GHW, 2016 WL 6238612, 2016 U.S. Dist. LEXIS 147336, at *11-12 (S.D.N.Y. 2016) ("To the extent that Plaintiff argues the statute requires a showing of 'fraudulent intent' separate and apart from a showing of knowing inaccuracy, the Court agrees with Judge Rakoff and declines to graft this additional requirement onto the plain statutory text.").  A copyright registrant is expected to engage in at least minimal due diligence when registering his works, and imposing a fraud requirement would permit the registrant to avoid the consequences of his actions by allowing him to register a copyright without verifying any of the information.  *See Roberts v. Gordy*, 181 F. Supp. 3d 997, 1011 (S.D. Fla. 2016) (finding registration invalid based in part on plaintiffs' constructive knowledge of inaccuracies when it was filed).

In *Archie MD v. Elsevier,* the defendant sought to invalidate plaintiff's copyright registration for improperly identifying published works as part of unpublished collections.  *See Archie MD, Inc.*, 2017 U.S. LEXIS 13381, at *5.  This turned on whether the registered works were published prior to registration, where the plaintiff licensed the works to a single entity for use in that entity's publications.  *See id.* at *2, 8.  After a lengthy discussion, Judge Rakoff

ultimately determined that the licensing of the works did constitute a publication, but refused to invalidate the registration because the plaintiff did not know the license constituted a publication, and therefore, did not make a knowing inaccuracy. *See id.* at *18. The court acknowledged, "it is apparent that whether the Work had been published by virtue of its licensing to [defendant] was an unsettled legal question at the time [plaintiff] sought to register the animations." *See id.* at *18-19.

The publication in this case, unlike that in *Archie MD*, is not an unsettled legal question. Rather, it could not be more glaring. As explained above, Plaintiff posted the Travis and Nelson Photographs online and further licensed them *to the world*, via Creative Commons. Creative Commons' stated goal is to provide "easy-to-use copyright licenses to make a simple and standardized way to *give the public permission to share and use your creative work*." https://creativecommons.org/about/ [last visited Sept. 25, 2017] (emphasis added). This is the paradigm for a general publication. *See Penguin Books*, 288 F. Supp. 2d at 555 (holding a general publication to occur when the copyright owner leases, gives away, or otherwise makes the work available to the general public). More specifically, Plaintiff chose to license the Photographs under Creative Commons Attributions licenses. *See* Lichtman Decl. ¶ 4, Ex. 1. Absent minor limitations, these licenses provide free-reign to anyone to copy and distribute the work, for any purpose. *See* Lichtman Decl. ¶ 5, Ex. 2. A brief, "human-readable summary" of this is provided for the general public, making clear to Plaintiff and anyone else that all users are free to "copy and redistribute the material in any medium or format." *See* Lichtman Decl. ¶ 6, Ex. 3. These terms satisfy not only the legal definition of "publication," but the commonly-held layman definition for "publication." *See Merriam-Webster Dictionary* (defining "publish" to mean "to disseminate to the public" or "to produce or release for distribution").

Accordingly, Plaintiff did not need to look to a legal treatise to understand that he published the Photographs as soon as he uploaded them to Wikipedia under Creative Commons licenses.  Rather, considering the obvious, Plaintiff, and even former counsel retained by Plaintiff, has *repeatedly* stated that he "published" the Photographs when he uploaded them to Wikipedia and shared them via Creative Commons licenses.  *See* Lichtman Decl. ¶ 7, Ex. 4 (prior complaints filed by Plaintiff, taking the position that he published his Photographs on the date he uploaded them to Wikipedia).  As Plaintiff has consistently taken this stance to be conclusive, he could not possibly claim to have taken the exact opposite stance only a year earlier, when he registered his works as part of unpublished collections.  *See Rosen Book Works LLC*, 188 F. Supp. 3d at 352 ("While plaintiff objects that there is no evidence that plaintiff *knew* the information was inaccurate, plaintiff's 30(b)(6) witness testified that the works had been published by the time the . . . application had been filed, which plaintiff surely would have known at the time as well").

Thus, because Plaintiff unquestionably understood that he published the photographs the moment he uploaded them to Wikipedia, he must have known that the Photographs were published at the time he registered them as part of an unpublished collection.  Plaintiff's knowledge of the inaccuracy meets the plain language of § 411(b)(1)(A), and because such inaccuracy constitutes a fundamental registration error, the claims must be dismissed.

## CONCLUSION

In light of the foregoing, UMG respectfully requests that the Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted.

Dated:  October 2, 2017               Respectfully submitted,

*/s/ Leo M. Lichtman*
Matthew J. Oppenheim
Kerry M. Mustico
Leo M. Lichtman
Oppenheim + Zebrak, LLP
5225 Wisconsin Avenue NW, Suite 250
Washington, DC 20015
Tel:  202-480-2999
matt@oandzlaw.com
kerry@oandzlaw.com
leo@oandzlaw.com

*Attorneys for Defendant*

13