# EXHIBIT 4

# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Larry G. Philpot | § § § | |
| Plaintiff | § | Case # |
| VS. | § § § | **1: 14 -cv- 1982 TWP -DML** |
| The Celebrity Café. Com, LLC. | § § | |
| Defendant | § § § | **JURY TRIAL DEMANDED** |

## COMPLAINT

Larry G. Philpot ("Philpot"), Pro Se, complains against The Celebrity Café .COM, LLC., a
global music digital media company headquartered in New York City, which operates
thecelebritycafe.com, an entertainment website and also a Facebook Business Page, as follows

## JURISDICTION AND VENUE

1.     This civil action arises against Defendants for copyright infringement in breach of the
United States Copyright Act, under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this
action under 28 U.S.C. § 1331 (federal question), 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28
U.S.C. § 1338 (acts of Congress related to copyright).

2.     This Court has personal jurisdiction over the all the Defendants by virtue of their
transacting, doing, and soliciting business in this District, and because a substantial part of
the relevant events occurred in this District and because a substantial part of the property that
is the subject of this action is situated here.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events, or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

4.     Venue is proper because of Defendant's contractual contacts in Indiana.

## PARTIES

5.     The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S., and resides in Indianapolis, Indiana.

6.     Defendant, The Celebrity Café.com, LLC., "CELEBRITY", headquartered in New York, NY, owns other entertainment websites, including thecelebritycafe.com, and ranks in the top 50 entertainment websites, and also has a Facebook Business Page, its use and the publication displays articles as well as advertising, and contractually conduct business in this district.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff Larry G. Philpot "Philpot", is a well known photographer of musicians and concerts in the U.S, and is based in Indianapolis, Indiana. Philpot licenses his photographs to end customers, often popular publications such as Forbes, AOL, AXS-TV, Berkshire Hathaway, and top tier musicians such as KISS, John Mellencamp, and Willie Nelson.

8.     On August 25, 2013, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Kid Rock in performance in Indianapolis, IN. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on November 25, 2013 with the Certificate Number VAu 1-182-727. Exhibit "A".

9.    The Kid Rock Photo was first published on the World Wide Web September 21, 2013 to the Wikipedia website.  The original full size photo is referenced at: http://commons.wikimedia.org/wiki/File:Kid_Rock_2013.jpg and is attached as Exhibit "B".

10.    On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411.  Exhibit "A".

11.    The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website.  The original full size photo is referenced at: http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_200 9_-_Cropped.jpg, and is attached as Exhibit "B".

12.    In an effort to increase his marketability and reputation, and to gain more work, Philpot agreed to make the Photos generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0), or Creative Commons 3.0.

13.    The restrictions of Section 4 of CC BY 2.0 and CC BY 3.0 require the licensee to (a) reference CC BY 2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which is required to be:  "Photo by Larry Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is attached as Exhibit "C".

14.    Defendant owns and operates the website www.thecelebritycafe.com ("Website"), which is a website that displayed the infringing image.

15.    Despite having no permission, consent, or license to do so, "CELEBRITY" has for

commercial gain and purpose reproduced, distributed, and publicly displayed—as well as made

available specifically for advertising, third party's distribution, display and public and sharing—

the photo of singer Willie Nelson (the "Nelson Photograph), and the photograph of Kid Rock

(Rock Photo) with the DMCA Copyright management information and metadata stripped from

all versions of the photos.

16.    Plaintiff, Philpot has either published or licensed for publication all copies of the Nelson

Photo,  and the Rock Photo in compliance with the copyright laws and has remained the sole

owner of the copyright.

17.    A true and correct copy of the copyright registration certificates for the Nelson Photo and

the Rock Photos is attached as Exhibit "A".

18.    True and correct copies of the evidence of infringements for both photographs is attached

as Exhibit "D".

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

19.    Plaintiff, Philpot incorporates here by reference the allegations in paragraphs 1 through

18,  above.

20.    Philpot is the owner of all rights, title, and interest in the copyrights to the Photos, which

consist of material wholly original with Plaintiff and which are copyright subject matter under

the laws of the United States. Philpot has complied in all respects with the Copyright Act and all

of the laws of the United States governing copyrights. The Nelson Photograph and the Rock

Photographs have been timely (specifically for purposes of Plaintiff's recovery of attorneys' fees and statutory damages) registered with the United States Copyright Office.

21.     Defendant have directly, vicariously and/or contributorily infringed Philpot's copyright by reproducing, displaying, distributing and utilizing the Photos for purposes of trade violation of 17 U.S.C. § 501 et seq.,

22.     Defendants have willfully infringed Philpot's copyrights by altering the photograph, by reproducing, displaying, distributing and utilizing the Photo for purposes of trade, and still further by removing the Identifying Metadata, and Copyright Management Information, and by failing to provide the required attribution to the author and copyright owner, Philpot, in any manner.

## SECOND CLAIM FOR RELIEF

(Removal of Copyright Management Information, 17 U.S.C. § 502)

23.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 22 above.

24.     Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Philpot's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade violation of 17 U.S.C. § 501 et seq.,

25.     Removal of the Copyright Management Information not only bolsters the claim for willful infringement, and each instance of removal of this information under Paragraph 1202 (b)(1) entitles Plaintiff Philpot to up to $25,000 per use.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement)

26.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 23 above.

27.     One who knowingly induces, causes or materially contributes to copyright infringement, by another but who has not committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer if he or she had knowledge, or reason to know, of the infringement.

28.     Defendant produced an article or advertisement on its website, titled "
Willie Nelson teams with female singers for new album", which included Plaintiff Philpot's
Nelson Photograph,

29.     Defendant produced a second article or advertisement on its website, titled "Top 10 craziest singer arrests", which included Plaintiff Philpot's Kid Rock Photograph,

30.     Defendant was notified by Plaintiff's attorney with a Cease and Desist letter regarding the use of the Photos, and ordered to remove same on or about March 28, 2014, via U.S. Mail.

31.     Defendant has failed to remove all instances of the photographs.. (Exhibit D)


**COMPLAINT**


32.     Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Plaintiff Philpot's copyrighted Photos for purposes of trade, including by increasing the traffic to their website and through the social media functions, and urging readers "Like" , to "Recommend", and to "Share" the photograph and other events on social media.

33. All of the Defendants' acts are and were performed without the permission, license or consent of Philpot. Defendant failed to remove all instances after receiving notice to do so.

34. Defendant's removal of the copyright management information, and Contributory Infringement by urging the distribution of the Photos is indicative of attempting to conceal the existence of the photos, and along with failing to attribute Philpot is prima facia evidence of willful infringement.

35. As a result of the acts of Defendants alleged herein, Philpot has suffered substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

36. Because of the willful nature of the copyright infringement, Philpot is entitled to an award of statutory damages of up to $150,000 per willfully infringed photograph on each individual website as well as its attorney's fees in prosecuting this action. If other infringements are discovered in this case, this pleading will be augmented accordingly or notice of additional infringements will be otherwise filed and served in the case.

37. Because of the removal of DMCA copyright management information on all the uses of the photo, Philpot is entitled to the maximum amount of $25,000 per infringement on the website.

38. The said wrongful acts of Defendants have caused, and are causing, injury to Philpot.

39. The full scope of infringement of other works of Philpot is currently unknown, and discovery will require access to and analysis of the entire database and library of all content of Defendant's website(s) so it may be searched with image-based search tools for other Philpot works. Accordingly, Defendants are hereby placed on notice not to destroy or delete any content or material on any of its servers for any domain names and to otherwise preserve all evidence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

40.    The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, linking-to, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Philpot's rights in the Photo.

41.    Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a) (2) & (c) and for costs, interest and reasonable attorney's fees under 17 U.S.C. § 505. This includes statutory damages of $150,000 each for the infringement of the Kid Rock Photo on the website.  It also includes a further statutory damages award for the unlawful removal of DMCA copyright management information from Paragraph 1202(b)(1)  of $25,000 per infringement, which statutory damages award amounts to  $25,000.

42.    Plaintiff is therefore entitled to total statutory damages for the Kid Rock Photo in the amount of $175,000., plus attorney fees to pursue this action.

43.    Plaintiff is therefore entitled to total statutory damages for the Nelson Photo in the amount of $55,000, plus attorney fees to pursue this action.

44.    Plaintiff is therefore entitled to total statutory damages for both photographs infringed in the amount of $230,000, plus attorney fees to pursue this action.

45.    Plaintiff is entitled to an accounting for all profits, income, receipts or other benefit

derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of

products and services, or other media, either now known or hereafter devised, that improperly or

unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

46.    Requiring Defendants to account for and pay over to Plaintiff all profits derived by

Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages

suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

47.    Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

48.    That Plaintiff be awarded any such other and further relief as the Court may deem just

and appropriate.


Dated this _2nd_ day of December, 2014.



                              Respectfully submitted,




                              Larry G. Philpot
                              8125 Halyard Way, 1st Floor
                              Indianapolis, IN 46236
                              317-567-1338
                              Email:  Larry@behindthemusic.net

## CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2014, a copy of the foregoing Complaint was filed, and a copy of same was mailed via Certified Mail, postage prepaid and properly addressed to the following:

DOMINICK A. MISERANDINO
Reg Agent, TheCelebrityCafe.com
414 NASSAU PKWY
OCEANSIDE, NEW YORK, 11572

Larry G. Philpot, Pro Se
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
Larry@behindthemusic.net
317-567-1338

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

*FILED*

AUG 18 2014

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

)
)
)
Larry G. Philpot                      )
)
                    Plaintiff         )    **Cause Action No.:**
)

            v.

**1 : 1 4 -cv- 1 3 5 7 TWP -DML**

Mansion America, LLC                  )
Oak Ridge Boys Theater                )
)
)
                    Defendant         )
)
)

### COMPLAINT JURISDICTION
### AND VENUE


1.      This copyright infringement action arises under 17 U.S.C. § 101 et seq. This

Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question),

and 28 U.S.C. § 1338 (acts of Congress related to copyright). The Court also has

discretionary jurisdiction over Count II and Count III.

2.     This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

## *PARTIES*

4.     The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events of top tier artists across the U.S. and lives in Indianapolis, Indiana.

5.     Defendant, Mansion America, LLC is believed to be the operator of Oak Ridge Boys Theater, a fictitious name filed with the State of Missouri Attorney General, operating the domains www.mansiontheater.com, and www.oakridgeboystheater.com located in Branson, Missouri and conduct business in this district.

6.  According to GoDaddy.com, an internet Registrar, the domain www.oakridgeboystheater.com was registered by Mr. Daniel Wilhite on October 18, 2007, and shares the exact same address as Mansion America, LLC, at 189 Expressway Lane, Branson, Missouri, 65616.

### *FACTS*

7.  On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO.

8.  The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411. A copy of the photo is attached as Exhibit A, hereinafter referred to as "Nelson Photo"

9.  The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website, The original full size photo is referenced at http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg and attached as Exhibit A

10. In an effort to increase his marketability and reputation, and to gain more work, on May 31, 2011 Plaintiff agreed to make the Nelson photograph generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0

11. The restrictions of Section 4 of CC BY 2.0 and 3.0 require the licensee to (a) reference CC BY 2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which was Photo by Larry Philpot, www.soundstagephotography.com.    A copy of the license and attribution requirement is attached as Exhibit B.

12.    Since September 5, 2012, the Plaintiff has either published or licensed  for publication all copies of the Nelson Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

**COUNT I**

***COPYRIGHT INFRINGEMENT***
***AND UNFAIR COMPETITION***

13.     The Defendant created or caused to be created the website www.oakridgeboystheater.com to place articles, attract viewers, rent the venue and sell tickets to performances of artists to both residents and tourists all over the US. Oakridgeboystheater.com advertises these performances in a concert venue formerly called, but also known as The Mansion Theater.

14.     Upon information and belief, the Defendant has a companion Facebook Business "Fan" Page used for more frequent updates used as a business tool to drive visitors to the main website, and to serve as a reminder and keep the business on the mind of the Facebook "fan" This Facebook Business companion page is located on the internet at www.facebook.com/oakridgeboystheater.

15.     As a business marketing tool, the Facebook fan page must legally be owned or administered by the business entity, and the creator of the Fan Page electronically signs that they are authorized to represent to business entity, in this case, Oak Ridge Boys Theater.  (EXHIBIT C)

16.   The front page screenshot of the Facebook Business Fan companion page (www.facebook.com/oakridgeboystheater) is shown as (EXHIBIT D)

17. The front page screenshot of the Official page for the Oak Ridge Boys Theater, (www.oakridgeboystheater.com) is shown as EXHIBIT E.

18.   In February, 2014 the Plaintiff discovered through the computer program "Copyright Infringement Finder" that the Facebook Business companion Page of oakridgeboystheater.com displaying the Nelson Photo with the caption "Happy 80th Birthday -- Willie Nelson!   Attached at EXHIBIT F.

19.   The photo on facebook.com/oakridgeboystheater bears a date of posting of April 30, 2013, and does not display attribution to the author and Plaintiff as required under the Creative Commons License.

## COUNT II

### *UNAUTHORIZED DISTRIBUTION OF COPYRIGHTED MATERIAL*

20.  Millions of companies have created a Facebook Business Page as a companion page to their main website, and there is good reason to do so, specifically being able to interact with 1.9 Billion Facebook users, who are potential customers.

21.  When a Facebook user "Likes" a Facebook Business Page, that person becomes a subscriber to updates, so postings to the Facebook Business Page show up in the newsfeed of subscribers.

- Frequent updates to the Facebook Business Page builds brand loyalty.
- Facebook offers cheap, targeted advertising
- Smart Facebook Page owners use postings to drive people to their websites.

22.  Facebook.com/OakRidgeBoysTheater business page has 19,089 subscribers (Exhibit F)

23.  If a Facebook User "Likes" a posting, that user's Facebook Friends will often see that activity, so the user's "friends" are exposed to the Business Page's posting or photograph.

24.    If a Facebook User sees a photograph, the user may click on that photograph, and may download that photograph to his or her own computer, thereby making possible unauthorized distribution of the copyrighted Nelson Photo.

25.    A Facebook USER may also "Share" the posting, which places an exact copy of the posting or a photograph on the User's Personal Facebook page, where it may be shared or seen much like an "offspring diagram", branching out to more and more users, such as a massive global family tree.

26.    When a USER "shares" a posting, a duplicate of that posting, or photograph is created on the user's page, thereby distributing the photograph to a whole new group of USERS, which exposes to business to potential customers who may have never heard of the business before.

27.    Defendant, by posting Plaintiff's photograph without attribution on the companion website for the Oak Ridge Boys Theater, exposed the photograph and subjected the Nelson Photograph to at least 19,000 people, depriving Plaintiff of exposure to Plaintiff's work and the opportunity for Plaintiff to obtain business opportunities.

28.     As a direct result of Defendant's, act of posting Plaintiff's photograph without attribution on the companion website for the Oak Ridge Boys Theater, the photograph was "shared" by 43 additional users.  This act was tantamount to distributing forty-three (43) unauthorized copies of the Nelson Photograph without attribution and with the DMCA copyright management information removed.

29.     Defendant, when placing the Nelson Photograph on Defendant's Facebook Business Page, agreed to the Facebook Terms of Service, which states:   **"For content that is covered by intellectual property rights, like photos and videos (IP content), you specifically give us the following permission, subject to your privacy and application settings: you grant us a non-exclusive, transferable, sub-licensable, royalty-free, worldwide license to use any IP content that you post on or in connection with Facebook (IP License). This IP License ends when you delete your IP content or your account unless your content has been shared with others, and they have not deleted it."**    **Attached at  EXHIBIT  G**

30.    The Defendant had not paid anyone for the right to publish the Nelson Photo, did not provide authorship attribution as required, yet granted Facebook full rights to republish, sublicense, and even monetize the Nelson Photo.

## COUNT III

### *REMOVAL OF IDENTIFYING INFORMATION*

31.  **Section 1202(b) of the Digital Millennium Copyright Act (DMCA), which provides "No person shall without the authority of the copyright owner or the law, intentionally remove or alter any copyright management information"**

32.    The Defendant knew that the Defendant did not own the Nelson Photo, and knew the Defendant had not obtained the rights to publish the photo, had not complied with the Attribution Requirements specifically set forth in the license, and by omission of same, concealed the true owner and copyright holder from the public.

33.  When the Defendant uploaded the Nelson Photo to his Facebook Business Page, Facebook's publishing process strips the image of metadata and copyright information.

34.  After discovering the copyright infringement, on May 8, 2014, the Plaintiff notified the Defendant in writing to Cease and Desist the infringement, and listed the Facebook URL where the image was visible,  and demanded that the image be removed and the Defendant pay for the unauthorized past use of the Nelson Photo.

35.  The Defendant refuses to remove the photo, and refuses to pay for the unauthorized uses of the Nelson Photo.

37.  The Defendant has engaged in unfair trade practices and unfair competition in connection  with  its  publication  of  the  Nelson  Photo,  thus  causing irreparable damage.

38.  Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

39.    Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

40.    Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

41.    On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant has realized and may continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

42.    Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

43.    The Defendant has willfully and deliberately engaged in, and, is willfully

engaging in, the acts complained of with oppression, deceit, and malice

("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is,

therefore, entitled to the maximum statutory damages allowable.

44.    Examples of these willfully and deliberately Acts, include but not

limited  to the following:

       a. The Defendant downloaded or took the Nelson Photo from the internet

          and included said photo on at least one of the Defendant's websites.

       b. The Nelson Photo is still visible and on the Defendant's Facebook

          Business Page website.

       c. Defendant failed to a c c u r a t e l y  designate the attribution required

          for the  Nelson Photo, or otherwise confer credit to the owner as was

          required, and has not complied with the Cease and Desist letter.

       d. The Defendant caused, by uploading to a 3rd party website, the removal

          of DMCA copyright management information.

       e. The Defendant did not pay Plaintiff for the improper use Nelson Photo.

45.    As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

   b. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from copying and republishing any of Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

   c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendant intentionally infringed on plaintiff's copyright after receiving a Cease and Desist notification, for the maximum allowable statutory damages for each violation;

   d. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

   e. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

   f. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:

Date: August 18,  2014

Larry G. Philpot

Larry G. Philpot, Pro Se,
8125 Halyard Way
Indianapolis, Indiana 46236
(317) 567-1338
 Larry@BehindTheMusic.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2014, a copy of the Complaint was filed with the Court. Notice of this has been sent to the following parties by United States Certified first class mail, postage paid.


Larry Wilhite , Reg. Agent
Mansion America,  LLC
189 Expressway Lane
Branson, MO 65616


Larry Philpot
Plaintiff
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
317-567-1338
Larry@behindthemusic.net

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

FILED

AUG 01 2014

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

)
)
)
Larry G. Philpot                                   )
)
Plaintiff                     )          Cause Action No.:
)

v.                                1:14-cv-1283JMS-DML

Ms. Shannon McLay                      )
)
Defendant                     )

### COMPLAINT JURISDICTION
### AND VENUE

1.      This copyright infringement action arises under 17 U.S.C. § 101 et seq. This

Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question),

and 28 U.S.C. § 1338 (acts of Congress related to copyright).

2.     This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

### PARTIES

4.     The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S. and lives in Indianapolis, Indiana.

5.     Defendant, Ms. Shannon McLay is believed to be a former Wall Street banker and financial manager, now operating NextGen Financial, as well as created and operates a website with the domain name financially-blonde.com, and is located in New York, NY and conducts business in this district.

*FACTS*

22.     On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO.

23.     The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411.   A copy of the photo is attached as Exhibit A, hereinafter referred to as "Nelson Photo"

24.   The Nelson Photo was first published on the World Wide Web May 31, 2011 to the Wikipedia website,  The original full size photo is referenced at http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_2009_-_Cropped.jpg and attached as Exhibit A

25.  In an effort to increase his marketability and reputation, and to gain more work, on May 31, 2011 Plaintiff agreed to make the photograph generally available through Wikimedia for distribution, public display, and public digital performance under the Creative Commons Attribution 2.0 Generic license (often abbreviated as CC BY 2.0)

26. The restrictions of Section 4 of CC BY 2.0 require the licensee to (a) reference CC BY 2.0 with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which was "Photo by Larry Philpot, of www.soundstagephotography.com. A copy of the license and attribution requirement is attached as Exhibit B.

27.    Since September 5, 2012, the Plaintiff has either published or licensed  for publication all copies of the Nelson Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

## COUNT I

### *COPYRIGHT INFRINGEMENT*
### *AND UNFAIR COMPETITION*

28.    The Defendant created a website to place articles of "hot button" issues to attract traffic to promote and advertise her financial services business.

29.    Upon information and belief, each Defendant downloaded or took the Nelson Photo from the internet without Plaintiff's knowledge.

30.    In April, 2014 the Plaintiff discovered through the computer program "Google images" that the website of the Defendant contained the Nelson Photo.

31.    Approximately April 4, 2014, the Defendant used the Nelson photo to promote an article where she ridiculed celebrities that had declared bankruptcy or experienced financial troubles, titled, "Top Ten Money Fools" posted on financially-blonde.com.  The Defendant failed to disclose the source of the Nelson Photo or otherwise confer credit to the owner as specifically required by the Creative Commons 2.0 License.   A screenshot of the article and photo are attached as Exhibit C.

32.    While only the Defendant will know the exact date of first publication, based upon the Plaintiff's investigation, on April 4, 2014, the Defendant  began publishing the Nelson Photo and used the Nelson Photo for their commercial use without paying for said use, without the required attribution,  and without obtaining the necessary authorization for any exception to the license from the Plaintiff.

33.     The Defendant knew that the Defendant did not own Nelson Photo and

knew the Defendant had not obtained the rights to publish the Nelson Photo, had not

complied with the Attribution Requirements specifically set forth in the license,  and

by omission of same, concealed the true owner and copyright holder from the public.

34.     The Defendant had not paid anyone for the right to publish the Nelson Photo,

but instead falsely held out to the public that the Defendant owned the copyright to

the Nelson Photo, by listing that all content on Defendant's website were

Copyrighted by Defendant's website.

35.     After discovering the copyright infringement, on May 8, 2014, the Plaintiff

notified the Defendant in writing to Cease and Desist of the infringement and

demanded that the Defendant pay for the unauthorized past use of the Nelson Photo.

36.     Instead of removing the Nelson Photo, the Defendant added the

attribution, continues to display and refuses to pay for the unauthorized use

of the Photo.

37.     The Defendant has engaged in unfair trade practices and unfair competition in

connection with its publication of the Nelson Photo, thus causing

irreparable damage.

38.    Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

39.    Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

40.    Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

41.    On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant has realized and continues to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

42.    Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

43.    The Defendant has willfully and deliberately engaged in, and, is willfully

engaging in, the acts complained of with oppression, fraud, and malice

("Acts") and in conscious disregard of the rights of Plaintiff. Plaintiff is,

therefore, entitled to the maximum statutory damages allowable.

44.    Examples of these willfully and deliberately Acts, include but not

limited to the following:

      a. The Defendant downloaded or took the Nelson Photo from the internet

          and included said photo on the Defendant's website.

      b. Defendant failed to designate the source of the Nelson

          Photo or otherwise confer credit to the owner as was required.

      c. The Defendant willfully and falsely asserted that the Defendant owned

          the copyrights of all content, images and photos contained in the

          Defendant's website including Nelson Photo with Defendant's

          Copyright notice on the bottom of each page.

      d. The Defendant did not pay Plaintiff for the improper use Nelson Photo.

45.    As a consequence of this dispute between the parties as to the rights, title,

and interest in the copyrighted articles described above, and pursuant to the Federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks

resolution of this ongoing controversy by a declaration of this Court as to the rights

of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

     a.  Declaring that Defendants' unauthorized conduct violates Plaintiff's
        rights under common law and the Federal Copyright Act;

     b.  Immediately and permanently enjoining Defendant, their officers,
        directors, agents, servants, employees, representatives, attorneys,
        related companies, successors, assigns, and all others in active concert
        or participation with Defendant from copying and republishing any of
        Plaintiff's    copyrighted material    without consent or otherwise
        infringing Plaintiff's copyright or other rights in any manner;

     c.  Ordering Defendants to account to Plaintiff for all gains, profits, and
        advantages derived by Defendant by their infringement of Plaintiff's
        copyrights or such damages as are proper, and since Defendant
        intentionally infringed on plaintiff's copyright after receiving a Cease
        and Desist notification, for the maximum allowable statutory damages
        for each violation;

     d.  Awarding Plaintiff actual and/or statutory damages for Defendants'
        copyright infringement in an amount to be determined at trial;

     e.  Awarding Plaintiff their costs, reasonable attorneys' fees, and
        disbursements in this action, pursuant to 17 U.S.C. § 505; and

     f.  Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:

Date: <u>August 1,  2014</u>

<u>s/Larry G Philpot</u>
Larry G. Philpot

**Larry G. Philpot, Pro Se,**
**8125 Halyard Way**
**Indianapolis, Indiana 46236**
**(317) 567-1338**
 <u>Larry@BehindTheMusic.net</u>

# CERTIFICATE OF SERVICE

I hereby certify that on _____, 2014, a copy of the Complaint was filed with the Court. Notice of this has been sent to the following parties by United States Certified first class mail, postage paid.


Ms. Shannon McLay
c/o Financially Blonde
140 Broadway, 46th Floor
New York, NY 10005


/s  Larry G. Philpot
Plaintiff
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
317-567-1338
Larry@behindthemusic.net



1.

# UNITED STATES DISTRICT COURT

## FOR THE

## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| Larry G. Philpot | § | |
| | § | |
| Plaintiff | § | |
| | § | Case # |
| VS. | § | **1: 14 -cv- 1 9 7 7 JMS -DML** |
| | § | |
| Gray Television, Inc. | § | |
| | § | |
| Defendant | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |

## COMPLAINT

Larry G. Philpot ("Philpot"), Pro Se, complains against Gray Television, Inc., a television broadcast group that operates KALB-TV, and also operates a website and Facebook Business Page, as follows

## JURISDICTION AND VENUE

1.     This civil action arises against Defendants for copyright infringement in breach of the United States Copyright Act, under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28 U.S.C. § 1338 (acts of Congress related to copyright).

2.     This Court has personal jurisdiction over the all the Defendants by virtue of their transacting, doing, and soliciting business in this District, and because a substantial part of the relevant events occurred in this District and because a substantial part of the property that is the subject of this action is situated here.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because the named plaintiff resides in this district and because a substantial part of the events, or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

4.     Venue is proper because of Defendant's contractual contacts in Indiana.

## PARTIES

5.   The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S., and resides in Indianapolis, Indiana.

6.     Defendant, Gray Television, Inc., "GRAY", headquartered in Albany, Georgia, owns many television stations, including KALB-TV based in Alexandria Louisiana, and online website for the station KALB.com, and a Facebook Business Page, its use and the publication displays articles as well as advertising, and contractually conduct business in this district.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff Larry G. Philpot "Philpot", is a prominent photographer of musicians and concerts in the U.S, and is based in Indianapolis, Indiana. Philpot licenses his photographs to end customers, often popular publications such as Forbes, AOL, AXS-TV, Berkshire Hathaway, and top tier musicians such as KISS, John Mellencamp, and Willie Nelson.

8.     On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a photograph of entertainer Willie Nelson in performance in St. Louis, MO. The photograph is an original work that is copyrighted under United States law with the United States Copyright Office on September 5, 2012 with the Certificate Number VAu 1-132-411. Exhibit "A".

9.    The Nelson Photo was first published on the World Wide Web May 31, 2011 to the

Wikipedia website.  The original full size photo is referenced at:

http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_200

9_-_Cropped.jpg, and is attached as Exhibit "B".

10.    In an effort to increase his marketability and reputation, and to gain more work, Philpot

agreed to make the Nelson Photo generally available through Wikimedia for distribution, public

display, and public digital performance under the Creative Commons Attribution 2.0 Generic

license (often abbreviated as CC BY 2.0)

11.    The restrictions of Section 4 of CC BY 2.0 require the licensee to (a) reference CC BY

2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide

attribution in the manner specified by the author, which is required to be:  "Photo by Larry

Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is

attached as Exhibit "C".

12.    Defendant owns and operates the website www.KALB.com ("Website"), which is a

website that displayed the infringing image.

13.    Despite having no permission, consent, or license to do so, "KALB" has for commercial

gain and purpose reproduced, distributed, and publicly displayed—as well as made available

specifically for advertising, third party's distribution, display and public and sharing— the photo

of country singer Willie Nelson (the "Nelson Photograph), with the DMCA Copyright

management information and metadata stripped from all versions of the photos.

14.    Plaintiff, Philpot has either published or licensed for publication all copies of the Nelson

Photo, in compliance with the copyright laws and has remained the sole owner of the copyright.

15.     A true and correct copy of the copyright registration certificate for the Nelson Photo is attached as Exhibit "A".

16.     True and correct copies of the evidence of infringements for the Nelson Photo is attached as Exhibit "D".

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

17.     Plaintiff, Philpot incorporates here by reference the allegations in paragraphs 1 through 16, above.

18.     Philpot is the owner of all rights, title, and interest in the copyrights to the Photos, which consist of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. Philpot has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Nelson Photograph has been timely (specifically for purposes of Plaintiff's recovery of attorneys' fees and statutory damages) registered with the United States Copyright Office.

19.     Defendant have directly, vicariously and/or contributorily infringed Philpot's copyright by reproducing, displaying, distributing and utilizing the Nelson Photo for purposes of trade violation of 17 U.S.C. § 501 et seq.,

20.     Defendants have willfully infringed Philpot's copyrights by altering the photograph, by reproducing, displaying, distributing and utilizing the Photo for purposes of trade, and still further by removing the Identifying Metadata, and Copyright Management Information, and by failing to provide the required attribution to the author and copyright owner, Philpot, in any manner.

## **SECOND CLAIM FOR RELIEF**

(Removal of Copyright Management Information, 17 U.S.C. § 502)

21.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.     Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Philpot's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade violation of 17 U.S.C. § 501 et seq.,

23.     Removal of the Copyright Management Information not only bolsters the claim for willful infringement, and each instance of removal of this information under Paragraph 1202 (b)(1) entitles Plaintiff Philpot to up to $25,000 per use.

## **THIRD CLAIM FOR RELIEF**

(Contributory Copyright Infringement)

24.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 23 above.

25.     One who knowingly induces, causes or materially contributes to copyright infringement, by another but who has not committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer if he or she had knowledge, or reason to know, of the infringement.

26.     Defendant produced an article or advertisement on its website on or about October 9, 2012, and updated the advertisement again on October 23, 2013, titled "Willie Nelson to perform at Rapides Coliseum", which included Plaintiff Philpot's Nelson Photograph,

27.     Defendant was notified with a Cease and Desist letter regarding the Nelson Photo, and ordered to remove same on or about August 11, 2014, via Certified Mail.

28.     Defendant claimed the use was "fair use", although there was direct internet links to the Coliseum, a link to purchase tickets and is clearly an advertisement. (Exhibit D)

## COMPLAINT

29.     Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Plaintiff Philpot's copyrighted Photos for purposes of trade, including by increasing the traffic to their website and through the social media functions, and urging readers "Like" and to "Share" the photograph and other events on social media. The photograph was distributed by social media at least fourteen (14) times.

30.     All of the Defendants' acts are and were performed without the permission, license or consent of Philpot. Defendant failed to remove all instances after receiving notice to do so.

31.     Defendant's removal of the copyright management information, and Contributory Infringement by urging the distribution of the Nelson Photo is indicative of attempting to conceal the existence of the photos, and along with failing to attribute Philpot is prima facia evidence of willful infringement.

32.     As a result of the acts of Defendants alleged herein, Philpot has suffered substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

33. Because of the willful nature of the copyright infringement, Philpot is entitled to an award of statutory damages of up to $150,000 per willfully infringed photograph on each individual website as well as its attorney's fees in prosecuting this action. If other infringements are discovered in this case, this pleading will be augmented accordingly or notice of additional infringements will be otherwise filed and served in the case.

34. Because of the removal of DMCA copyright management information on all the uses of the photo, Philpot is entitled to the maximum amount of $25,000 per infringement on the website.

35. The said wrongful acts of Defendants have caused, and are causing, injury to Philpot.

36. The full scope of infringement of other works of Philpot is currently unknown, and discovery will require access to and analysis of the entire database and library of all content of Defendant's website so it may be searched with image-based search tools for other Philpot works. Accordingly, Defendants are hereby placed on notice not to destroy or delete any content or material on any of its servers for any domain names and to otherwise preserve all evidence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

37. The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, linking-to, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now

known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Philpot's rights in the Photo.

38.     Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a) (2) & (c) and for costs, interest and reasonable attorney's fees under 17 U.S.C. § 505. This includes statutory damages of $150,000 for the infringement of the Nelson Photo on the website. It also includes a further statutory damages award for the unlawful removal of DMCA copyright management information from Paragraph 1202(b)(1) of $25,000 per infringement, which statutory damages award amounts to $25,000.

39.     Plaintiff is therefore entitled to total statutory damages for the Nelson Photo in the amount of $175,000., plus attorney fees to pursue this action.

40.     An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

41.     Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

42.     Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

43.     That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

Dated this _2<sup>nd</sup>_ day of December, 2014.

Respectfully submitted,

Larry G. Philpot
8125 Halyard Way, 1<sup>st</sup> Floor
Indianapolis, IN 46236
317-567-1338
Email: Larry@behindthemusic.net

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2014, a copy of the foregoing Complaint was filed, and a copy of same was mailed via Certified Mail, postage prepaid and properly addressed to the following:

Ms. Martha Gilbert, Reg. Agent
Gray Television, Inc.
126 N. Washington Street
Albany, GA 31701

Larry G. Philpot, Pro Se
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
Larry@behindthemusic.net
317-567-1338

1

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF INDIANA



FILED

OCT 3 1 2014

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Larry G. Philpot

§
§
§

         Plaintiff                    §
                                      §    Case #
    VS.                               §
                                      §
Catholic Family Center                §    **1 : 14 -cv- 1 7 8 8 TWP -DML**
                                      §
         Defendant                    §    **JURY TRIAL DEMANDED**
                                      §
                                      §

## COMPLAINT

Larry G. Philpot ("Philpot"), by and through his attorneys of record, complains against The

Catholic Family Center in Rochester NY. ("NYSNavigator"), an organization that provides

kinship services and has a website called nysnavigator.org.

## JURISDICTION AND VENUE

1.    This civil action arises against Defendants for copyright infringement in breach of the

United States Copyright Act, under 17 U.S.C. § 101 et seq. This Court has jurisdiction over this

action under 28 U.S.C. § 1331 (federal question), 17 U.S.C. § 501(a), 17 U.S.C. § 1202, and 28

U.S.C. § 1338 (acts of Congress related to copyright).

2.    This Court has personal jurisdiction over the all the Defendants by virtue of their

transacting, doing, and soliciting business in this District, and because a substantial part of

the relevant events occurred in this District and because a substantial part of the property that

is the subject of this action is situated here.

3.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a)  because  the named  plaintiff  resides  in  this  district  and  because  a substantial part of the events, or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; and/or conduct business in this district.

4.     Venue is proper because of Defendant's providing referral services or has contacts in Indiana.

## PARTIES

5.    The Plaintiff, Larry G. Philpot is a professional photographer who works exclusively with concert events across the U.S., and resides in Indianapolis, Indiana.

6.     Defendant, Catholic Family Center d/b/a NYSNavigator.org  ("NYSNavigator"), has an address in Rochester, New York, and  provides information and referrals to kinship caregivers or relatives raising other relatives' children, primarily in the state of New York, but have significant contacts in Indiana.  According to the website, "NYSNavigator" provides information regarding financial assistance, support and legal rights to kinship caregivers in the state of New York, but has contacts nationwide.

## FACTS COMMON TO ALL COUNTS

7.     Plaintiff Larry G. Philpot "Philpot", is a prominent photographer of musicians and concerts in the U.S, and is based in Indianapolis, Indiana. Philpot licenses his photographs to end customers, often popular publications such as Forbes, AOL, AXS-TV, Berkshire Hathaway, and top tier musicians such as KISS, John Mellencamp, and Willie Nelson.

8.    On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took a
photograph of entertainer Willie Nelson in performance in St. Louis, MO. The photograph is an
original work that is copyrighted under United States law with the United States Copyright
Office on September 5, 2012 with the Certificate Number VAu 1-132-411.  Exhibit "A".

9.    The Nelson Photo was first published on the World Wide Web May 31, 2011 to the
Wikipedia website.   The original full size photo is referenced at:
http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Farm_Aid_200
9_-_Cropped.jpg, and is attached as Exhibit "B".


10.    In an effort to increase his marketability and reputation, and to gain more work, Philpot
agreed to make the Nelson Photo generally available through Wikimedia for distribution, public
display, and public digital performance under the Creative Commons Attribution 2.0 Generic
license (often abbreviated as CC BY 2.0)

11.    The restrictions of Section 4 of CC BY 2.0 require the licensee to (a) reference CC BY
2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide
attribution in the manner specified by the author, which is required to be:  "Photo by Larry
Philpot, www.soundstagephotography.com. A copy of the license and attribution requirement is
attached as Exhibit "C".

12.    Defendant owns and operates the website www.nysnavigator.org ("Website"), which is a
website that displayed the infringing image.

13.    Despite having no permission, consent, or license to do so, "NYSNavigator" has for
commercial gain and purpose reproduced, distributed, and publicly displayed—as well as made
available specifically for third party's distribution, display and public and sharing— the photo of

country singer Willie Nelson (the "Nelson Photograph), with the DMCA Copyright management information and metadata stripped from all versions of the photos.

14.     Plaintiff, Philpot has either published or licensed for publication all copies of the Nelson Photo, in compliance with the copyright laws and has remained the sole owner of the copyright.

15.     A true and correct copy of the copyright registration certificate for the Nelson Photo is attached as Exhibit "A".

16.     True and correct copies of the evidence of infringements for the Nelson Photo is attached as Exhibit "D".

## FIRST CLAIM FOR RELIEF

(Copyright Infringement, 17 U.S.C. § 501)

17.     Plaintiff, Philpot incorporates here by reference the allegations in paragraphs 1 through 16, above.

18.     Philpot is the owner of all rights, title, and interest in the copyrights to the Photos, which consist of material wholly original with Plaintiff and which are copyright subject matter under the laws of the United States. Philpot has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights. The Nelson Photograph has been timely (specifically for purposes of Plaintiff's recovery of attorneys' fees and statutory damages) registered with the United States Copyright Office.

19.     Defendant have directly, vicariously and/or contributorily infringed Philpot's copyright by reproducing, displaying, distributing and utilizing the Nelson Photo for purposes of trade violation of 17 U.S.C. § 501 et seq.,

20.     Defendants have willfully infringed Philpot's copyrights by altering the photographs, by reproducing, displaying, distributing and utilizing the Photos for purposes of trade, and still further by removing the Identifying Metadata, and Copyright Management Information, and by failing to provide the required attribution to the author and copyright owner, Philpot, in any manner.

## SECOND CLAIM FOR RELIEF

(Removal of Copyright Management Information, 17 U.S.C. § 502)

21.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 20 above.

22.     Defendants have directly, vicariously and/or contributorily infringed, and unless enjoined, will continue to infringe Philpot's copyrights by reproducing, displaying, distributing and utilizing the Photos for purposes of trade violation of 17 U.S.C. § 501 et seq.,

23.     Removal of the Copyright Management Information not only bolsters the claim for willful infringement, and each instance of removal of this information under Paragraph 1202 (b)(1) entitles Plaintiff Philpot to up to $25,000 per use.

## THIRD CLAIM FOR RELIEF

(Contributory Copyright Infringement)

24.     Plaintiff Philpot incorporates here by reference the allegations in paragraphs 1 through 23 above.

25.    One who knowingly induces, causes or materially contributes to copyright infringement, by another but who has not committed or participated in the infringing acts him or herself, may be held liable as a contributory infringer if he or she had knowledge, or reason to know, of the infringement.

26.    Defendant produced an article on its website titled "Willie Nelson: Raised by his Grandparents", on or about December 10, 2013, which included Plaintiff Philpot's Nelson Photograph.

27.    Defendant was notified with a Cease and Desist letter regarding the Nelson Photo, and ordered to remove same on August 4, 2014, with a response due on August 14, 2014

28.    On or about August 15, 2014, Plaintiff Philpot received a response from Lindsay Gozzi-Theobald, MS, CFE, CHC, the Director of Compliance asking for time extension and stating she would be in touch shortly.  As of this filing, over seventy five (75) days later, Defendant has not responded.


**COMPLAINT**


29.    Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization of Plaintiff Philpot's copyrighted Photos for purposes of trade or publicity, including by increasing the traffic to their website and through the social media functions.

30.    All of the Defendants' acts are and were performed without the permission, license or consent of Philpot. Defendant appears to have removed the photograph, but the article remains.

32.     Defendant's removal of the copyright management information is indicative of attempting to conceal the existence of the photos, and along with failing to attribute Philpot is prima facia evidence of willful infringement.

33.     As a result of the acts of Defendants alleged herein, Philpot has suffered substantial damage to his business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

34.     Because of the willful nature of the copyright infringement, Philpot is entitled to an award of statutory damages of up to $150,000 per willfully infringed photograph on each individual website as well as its attorney's fees in prosecuting this action. If other infringements are discovered in this case, this pleading will be augmented accordingly or notice of additional infringements will be otherwise filed and served in the case.

35.     Because of the removal of copyright management information on all the uses of the photo, Philpot is entitled to the maximum amount of $25,000 per infringement on the website.

36.     The said wrongful acts of Defendants have caused, and are causing, injury to Philpot.

37.     The full scope of infringement of other works of Philpot is currently unknown, and discovery will require access to and analysis of the entire database and library of all content of Defendant's website so it may be searched with image-based search tools for other Philpot works. Accordingly, Defendants are hereby placed on notice not to destroy or delete any content or material on any of its servers for any domain names and to otherwise preserve all evidence.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

38.    The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, linking-to, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet web sites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff Philpot's rights in the Photo.

39.    Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a) (2) & (c) and for costs, interest and reasonable attorney's fees under 17 U.S.C. § 505. This includes statutory damages of $30,000 for the infringement of the Nelson Photo on the website.  It also includes a further statutory damages award for the unlawful removal of DMCA copyright management information from Paragraph 1202(b)(1)  of $25,000 per website, if other websites exist, which statutory damages award amounts to  $25,000.

40.    Plaintiff is therefore entitled to total statutory damages for the Nelson Photo in the amount of at least $55,000., plus attorney fees to pursue this action.

41.    An accounting be made for all profits, income, receipts or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

42.    Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendant's acts, pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

43.    Actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

44.    That Plaintiff be awarded any such other and further relief as the Court may deem just

and appropriate.

Dated this _____ 31 st _____ day of October., 2014.

Respectfully submitted,

Larry G. Philpot
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
317-567-1338
Email: Larry@behindthemusic.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2014, a copy of the foregoing Complaint was filed, and a copy of same was mailed via Certified Mail, postage prepaid and properly addressed to the following:

Ms. Lindsay Gozzi-Theobald
NYSNavigator.org
Catholic Family Center
87 N. Clinton Avenue
Rochester, NY 14604

Larry G. Philpot, Pro Se
8125 Halyard Way, 1st Floor
Indianapolis, IN 46236
Larry@behindthemusic.net
317-567-1338

UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

*FILED*

AUG 18 2014

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

Larry G. Philpot

                Plaintiff

                                    )
                                    )
                                    )
                                    )
                                    )   **Cause Action No.:**
                                    )

v.                          **1 : 1 4 -cv- 1 3 5 6 SEB -DML**

Bake Me A Wish, LLC

                Defendant

                                    )
                                    )
                                    )
                                    )
                                    )
                                    )
                                    )

## *COMPLAINT JURISDICTION*
## *AND VENUE*

1.      This copyright infringement action arises under 17 U.S.C. § 101 et seq. This

Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question),

and 28 U.S.C. § 1338 (acts of Congress related to copyright). The Court also has

discretionary jurisdiction over Count II and Count III.

2.      This Court has personal jurisdiction over the all the Defendants by virtue
of their transacting, doing, and soliciting business in this District, and
because a substantial part of the relevant events occurred in this District and
because a substantial part of the property that is the subject of this action is situated
here.

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and
1400(a) because the named plaintiff resides in this district and because a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; and/or
conduct business in this district.


### *PARTIES*

4.      The Plaintiff, Larry G. Philpot is a professional photographer who works
exclusively with concert events of top tier artists across the U.S. and lives in
Indianapolis, Indiana.


5.      Defendant, Bake Me A Wish, LLC is a high end bakery believed to operate
in New York, producing and delivering custom made baked goods worldwide
owning and operating the domains www.facebook.com/bakemeawish, and
www.bakemeawish.com, and conduct business in this district.

## *FACTS*

6.      On October 4, 2009, the Plaintiff, Larry Philpot, a United States citizen, took
a photograph of entertainer Willie Nelson in performance in St. Louis, MO.

7.      The photograph is an original work that is copyrighted under United States law
with the United States Copyright Office on September 5, 2012 with the Certificate
Number VAu 1-132-411.   A copy of the photo is attached as Exhibit A, hereinafter
referred to as "Nelson Photo"

8.      The Nelson Photo was first published on the World Wide Web
May 31, 2011 to the Wikipedia website,  The original full size photo is referenced at
http://en.wikipedia.org/wiki/Willie_Nelson#mediaviewer/File:Willie_Nelson_at_Far
m_Aid_2009_-_Cropped.jpg  and attached as Exhibit A

9.  In an effort to increase his marketability and reputation, and to gain more work,
on  May  31,  2011  Plaintiff  agreed  to  make  the  Nelson  photograph  generally
available  through  Wikimedia  for  distribution,  public  display,  and  public  digital
performance  under  the  Creative  Commons  Attribution  2.0  Generic  license  (often
abbreviated as CC BY 2.0

10. The restrictions of Section 4 of CC BY 2.0 and 3.0 require the licensee to (a) reference CC BY 2.0, with every copy of the photograph used (the "share alike" provision) and (b) provide attribution in the manner specified by the author, which was Photo by Larry Philpot, www.soundstagephotography.com.     A copy of the license and attribution requirement is attached as Exhibit B.

11.     Since September 5, 2012, the Plaintiff has either published or licensed   for publication all copies of the Nelson Photo in compliance with the copyright laws and has remained the sole owner of the copyright.

## COUNT I

### *COPYRIGHT INFRINGEMENT*
### *AND UNFAIR COMPETITION*

12.   The Defendant created the website www.bakemeawish.com to place articles, attract viewers, highlight their products, obtain advertising affiliates, and accept orders to both businesses and consumers all over the world.

13.    Upon information and belief, the Defendant has a companion Facebook Business "Fan" Page used for more frequent updates used as a business tool to drive visitors to the main website, and to serve as a reminder and keep the business on the mind of the Facebook "fan" This Facebook Business companion page is located on the internet at www.facebook.com/bakemeawish.

14.    As a business marketing tool, the Facebook fan page must legally be owned or administered by the business entity, and the creator of the Business Fan Page electronically signs that they are authorized to represent to business entity, in this case, www.bakemeawish.com. (EXHIBIT C)

15.    The front page screenshot of the Facebook Business Fan companion page (www.facebook.com/bakemeawish) is shown as (EXHIBIT D)

16. The front page screenshot of the Official page for Bake Me A Wish, LLC, (www.bakemeawish.com) is shown as EXHIBIT E.

17.    In February, 2014 the Plaintiff discovered through the computer program "Copyright Infringement Finder" that the Facebook Business companion Page of bakemeawish.com displayed the Nelson Photo with the caption "He may not have always been on our mind, but his songs sure are. Happy Birthday to country music legend Willie Nelson!"  Attached at EXHIBIT F.

18.    The photo on facebook.com/bakemeawish bears a date of posting of April 30, 2013, and does not display attribution to the author and Plaintiff as required under the Creative Commons License.

## COUNT II

### *UNAUTHORIZED DISTRIBUTION OF COPYRIGHTED MATERIAL*

19.    Millions of companies have created a Facebook Business Page as a companion page to their main website, and there is good reason to do so, specifically being able to interact with 1.9 Billion Facebook users, who are potential customers.

20.     When a Facebook user "Likes" a Facebook Business Page, that person

becomes a subscriber to updates, so postings to your Facebook Business Page show

up in the newsfeed of subscribers.

- Frequent updates to the Facebook Business Page builds brand loyalty.

- Facebook offers cheap, targeted advertising

- Smart Facebook Page owners use postings to drive people to their websites.

21.     Facebook.com/BakeMeAWish business page has 6,995 subscribers (Exhibit F)

22.     If a Facebook User "Likes" a posting, that user's Facebook Friends will often

see that activity, so the user's "friends" are exposed to the Business Page's posting or

photograph.

23.     If a Facebook User sees a photograph, the user may click on that photograph,

and may, with the click of a mouse, download that photograph to his or her own

computer, thereby making possible the unauthorized distribution of the copyrighted

Nelson Photo.

24.     A Facebook USER may also "Share" the posting, which places an exact copy of the posting or a photograph on the User's Personal Facebook page, where it may be shared or seen much like an "offspring diagram", branching out to more and more users, such as a massive global family tree.

25.     When a USER "shares" a posting, a duplicate of that posting, or photograph is created on the user's page, thereby distributing the photograph to a whole new group of USERS, which exposes to business to potential customers who may have never heard of the business before.

26.     Defendant Bake Me A Wish, by posting Plaintiff's photograph without attribution, exposed the photograph and subjected the Nelson Photograph to at least 6000 people, depriving Plaintiff of exposure to Plaintiff's work and the opportunity for Plaintiff to obtain business opportunities.

27.    Defendant, when placing the Nelson Photograph on Defendant's Facebook
Business Page, agreed to the Facebook Terms of Service, which states:   **"For
content that is covered by intellectual property rights, like photos and videos (IP
content), you specifically give us the following permission, subject to your
privacy and application settings: you grant us a non-exclusive, transferable, sub-
licensable, royalty-free, worldwide license to use any IP content that you post on
or in connection with Facebook (IP License). This IP License ends when you
delete your IP content or your account unless your content has been shared with
others, and they have not deleted it."     Attached at  EXHIBIT G**


28.    The Defendant had not paid anyone for the right to publish the Nelson Photo,
did not provide authorship attribution as required, yet granted Facebook
full rights to republish, sublicense, and even monetize the  Nelson Photo.

## COUNT
## III

### *REMOVAL OF IDENTIFYING*
### *INFORMATION*

29.  **Section 1202(b) of the Digital Millennium Copyright Act (DMCA), which provides <u>"No person shall without the authority of the copyright owner or the law, to intentionally remove or alter any copyright management information"</u>**

30.     The Defendant knew that the Defendant did not own t h e Nelson Photo, and knew the Defendant had not obtained the rights to publish the photo, had not complied with the Attribution Requirements specifically set forth in the license, and by omission of same, concealed the true owner and copyright holder from the public.

31.     When the Defendant uploaded the Nelson Photo to his Facebook Business Page, Facebook's publishing process strips the image of metadata and copyright information.

32.  By publishing the Nelson Photo on his Business Page, Defendant facilitated the removal of DMCA Copyright management information.

33.    After discovering the copyright infringement, on March 28, 2014, the Plaintiff notified the Defendant in writing to Cease and Desist the infringement, and listed the Facebook URL where the image was visible, and demanded that the image be removed and the Defendant pay for the unauthorized past use of the Nelson Photo.

34.    The Defendant removed the photo, but refuses to pay for the unauthorized uses of the Photo

35.    The Defendant has engaged in unfair trade practices and unfair competition in connection with its publication of the Nelson Photo, thus causing irreparable damage.

36.    Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.

37.    Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

38.    Defendant's conduct violates the exclusive rights belonging to Plaintiff as owner of the copyrights, including without limitation Plaintiff's rights under 17 U.S.C. § 106.

39.    On information and belief, Plaintiff alleges that, as a direct and proximate result of their wrongful conduct, Defendant has realized and may continue to realize profits and other benefits rightfully belonging to Plaintiff. Accordingly, Plaintiff seek an award of damages pursuant to 17 U.S.C. §§ 504 and 505.

40.    Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

41.    The Defendant has deliberately engaged in, and, is willfully engaging in, the acts complained of with conscious disregard of the rights of Plaintiff.

Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

42.    Examples of these willfully and deliberate Acts, include but are not

limited to the following:

      a.  The Defendant downloaded or took the Nelson Photo from the internet

          and included said photo on at least one of the Defendant's websites.

      b.  Defendant failed to a c c u r a t e l y  designate the attribution required

          for the Nelson Photo, or otherwise confer credit to the owner as was

          required, and has not responded to the Cease and Desist letter.

      c.  The Defendant caused, by uploading to a 3rd party website, the removal

          of DMCA copyright management information.

      e. The Defendant did not pay Plaintiff for the improper use Nelson Photo.

43.    As a consequence of this dispute between the parties as to the rights, title,

and interest in the copyrighted articles described above, and pursuant to the Federal

Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, Plaintiff also seeks

resolution of this ongoing controversy by a declaration of this Court as to the rights

of the respective parties in this matter.

THEREFORE, Plaintiff prays for judgment against Defendants as follows:

   a. Declaring that Defendants' unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

   b. Immediately and permanently enjoining Defendant, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with Defendant from copying and republishing any of Plaintiff's copyrighted material without consent or otherwise infringing Plaintiff's copyright or other rights in any manner;

   c. Ordering Defendants to account to Plaintiff for all gains, profits, and advantages derived by Defendant by their infringement of Plaintiff's copyrights or such damages as are proper, and since Defendant intentionally infringed on plaintiff's copyright after receiving a Cease and Desist notification, for the maximum allowable statutory damages for each violation;

   d. Awarding Plaintiff actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

   e. Awarding Plaintiff their costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

   f. Awarding Plaintiff such other and further relief as is just and proper.

Respectfully Submitted:

Date: <u>August 18,</u> 2014

Larry G. Philpot

Larry G. Philpot, Pro Se,
8125 Halyard Way
Indianapolis, Indiana 46236
(317) 567-1338
 Larry@BehindTheMusic.net

Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Avenue
7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

LARRY G. PHILPOT,                                    Index No.: 16-cv-1277

                              Plaintiff,          **COMPLAINT AND JURY DEMAND**
                                                  **FOR DAMAGES FOR COPYRIGHT**
                    v.                            **INFRINGEMENT**

MUSIC TIMES LLC d/b/a MUSICTIMES.COM,

                              Defendant.
-------------------------------------------------------------x

Plaintiff LARRY G. PHILPOT, by and through his attorneys at GARBARINI FITZGERALD

P.C., brings this Complaint and Jury Demand against Defendant MUSIC TIMES LLC d/b/a

MUSICTIMES.COM based on infringement pursuant to the Copyright Act and Copyright

Revisions Act, 17 U.S.C. §§ 101 *et seq*. (the "Copyright Act" or "Act"), and for a violation of the

Digital Millennium Copyright Act at 17 U.S.C. § 103.

### JURISDICTION AND VENUE

1.      The jurisdiction of this Court is based upon 28 U.S.C. § 1331 in that this

controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. §

101 et seq.).

2.      Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

3.      The subject photographs were included in the compilation titled "All unpublished photos 2006 to May 2013" registered with the United States Copyright Office effective May 13, 2013, prior to the infringement by Defendant.

4.      Personal jurisdiction over Defendant is proper in this Court on the ground that Defendant maintains a headquarters or otherwise resides in New York, NY.

5.      The Court has personal jurisdiction over Defendant pursuant to CPLR § 302 (New York's long-arm statute) due to their continuous and systematic business activities within New York as described below.

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b) and (c).

7.      A copy of the certificate issued by the U.S. Copyright Office is annexed incorporated hereto respectively as **Exhibit A.**

<div align="center">

**PARTIES**

</div>

8.      Plaintiff Larry G. Philpot ("PHILPOT") is a professional photographer who has achieved significant acclaim as a photographer for concert events held throughout the United States.  PHILPOT resides in Indianapolis, Indiana.

9.      Upon information and belief, Defendant Music Times LLC, ("MTLLC") is a New York limited liability company with a headquarters located at 305 Broadway, 14th Floor, New York, NY 10007.

<div align="center">

**FACTS COMMON TO ALL COUNTS**

</div>

10.     Plaintiff is a well-known photographer and earns a living licensing his photographs to businesses and musicians.  Some examples of Plaintiff's customers are AOL, AXS-TV, Berkshire Hathaway, KISS, John Mellencamp, and Willie Nelson.

<div align="center">

2

</div>

11.    Plaintiff has photographed hundreds of musical artists in addition to Kid Rock, including Chuck Berry, the Lumineers, REO Speedwagon, Hall and Oates, Norah Jones, John Mellencamp, Ted Nugent, Sir Paul McCartney, Mumford and Sons, Buddy Guy, and countless other top tier artists.

12.    Plaintiff displays his work on his website <www.soundstagephotography.com>, and licenses his work for use by print and electronic publications.  His work appears in a number of Wikimedia entries, Rock History Magazine, OnStage Magazine, AXS-TV (owned by Ryan Seacrest and Mark Cuban), Dan Rather Reports, Berkshire Hathaway, and Forbes. Plaintiff's work includes album covers as well as stunning portraiture and performance photographs.

13.    Plaintiff is currently under a two year non-exclusive contract with AXS-TV, and in 2013 was contracted with Tom Petty for a single use of one of his images, and photographed Mr. Petty in both Indianapolis and Milwaukee.

14.    Defendant MTLLC operates a website located at <www.musictimes.com> (the "Subject Website").  Defendant without license or permission of any kind, impermissibly reproduced and distributed Plaintiff's copyrighted photographs of John Mellencamp and Norah Jones (collectively the "Copyrighted Photographs").

15.    The Subject Website describes itself as follows:

> Music fans can find the most comprehensive music coverage spanning across all genres on Musictimes.com. Indulge in original features, interviews, music reviews, trending stories, and more about your favorite pop, rock, country, classical, hip hop, christian (sic), latin (sic), and jazz artist.

> Musictimes.com is the flagship music publication of Music Times, LLC, a global music digital media company headquartered in New York City.

**THE INFRINGEMENTS**

16.     The copyrighted John Mellencamp photograph (the "Mellencamp Photograph") was reproduced and published without license or authority by Defendant MTLLC on or about December 6, 2013 at URL <www.musictimes.com/articles/2678/20121206/john-mellencamp-85-new-songs-upcoming-tour.htm. See **Exhibit B**.

17.     The copyrighted Norah Jones photograph (the "Jones Photograph") reproduced and published without license or authority by Defendant MTLLC on or about November 14, 2013 at URL <www.musictimes.com/articles/2272/20131114/norah-jones-billie-joe-armstrong-release-silver-haired-daddy-mine.htm. See **Exhibit C**.

18.     The Jones and Mellencamp Photographs (collectively the "Copyrighted photographs") were the result of Plaintiff's profound depth of experience in the field.

19.     Defendant used the entire Copyrighted Photographs.

20.     Allowing Defendant to use the Jones and Nelson Photographs without a license would substantially harm Plaintiff and reduce the value of the iconic photographs to zero.

**CREATIVE COMMENS ATTRIBUTION**

21.     As a general proposition, a copyright confers on the owner the exclusive right to reproduce the copyrighted work.

22.     Absent a license from the copyright owner, which the owner is free to grant or deny, reproduction of the work by another constitutes copyright infringement.

23.     The Copyrighted Photographs were published under a Creative Commons license on Wikipedia which expressly provided that a license was contingent on an attribution which contained Plaintiff's name and a link to his website.

4

24.     Creative Commons describes itself as "a nonprofit corporation dedicated to making it easier for people to share and build upon the work of others, consistent with the rules of copyright." See CreativeCommons.org, About, http://creativecommons.org/about.

25.     Creative Commons offers six main licenses with varying restrictions, but all six of the main licenses contain two primary restrictions:

> [A] requirement that if the work is publicly distributed, displayed or performed, a copy of the Creative Commons license . . . must be included . . . [and] the second restriction common to all six licenses is one requiring attribution and specifying the manner in which the attribution should be accomplished.

26.     The least restrictive license allows the user to manipulate the original in any manner so long as the author is credited. See CreativeCommons.org, Licenses, http://creativecommons.org/about/licenses. As of 2008, approximately 130 million works have been licensed under Creative Commons, which certainly suggests user support for attribution as a condition of using another's work with the rules of copyright.

27.     If everyone engaged in the same conduct as Defendants, it would cause substantial economic harm such that allowing the conduct would frustrate the purposes of copyright and force Plaintiff to withdraw his photographs.

28.     As a prerequisite for a license, any potential licensee was expressly directed on Wikipedia to the attribution requirements before a license would issue which included placing the Plaintiff's name and website URL below the use.

29.     Defendant rejected this license, reproducing the Copyrighted Photographs with no attribution or with a "Wikipedia Commons" attribution.

30.     At all times relevant to this Complaint, the Mellencamp page on Wikipedia provided the same attribution requirements as Jones.

31.     The Wikipedia page for Norah Jones stated at all times relevant:

5

"This file is licensed under the Creative Commons Attribution-Share Alike 3.0 Unported license. You are free: to share – to copy, distribute and transmit the work to remix – to adapt the work. ***Under the following conditions: attribution – You must attribute the work in the manner specified by the author or licensor*** (but not in any way that suggests that they endorse you or your use of the work)."

See **Exhibit D**.

32.     There has been no change in the Wikipedia requirements.

33.     The terms mentioned on the page are very clear. When the potential licensee clicks on "Use this on the web", they are given the mandatory attribution requirements: "By Nightshooter..Attribution: Photo Credit: Larry Philpot of www.soundstagephotography.com. (Own work) [CC BY-SA 3.0 (http://creativecommons.org/licenses/by-sa/3.0)], via Wikimedia Commons." See **Exhibit E**.

34.     To assist the potential licensee, Wikipedia provides the ***EXACT*** HTML code necessary to get a license for the photograph, namely;

<a title="By Larry Philpot (Own work) [CC BY-SA 3.0 (http://creativecommons.org/licenses/by-sa/3.0)], via Wikimedia Commons" href="https://commons.wikimedia.org/wiki/File%3ANorah.jpg"><img width="256" alt="Norah" src="https://upload.wikimedia.org/wikipedia/commons/thumb/9/97/Norah.jpg/256px-Norah.jpg"/></a>. See **Exhibit E**.

35.     While the preceding code may look complicated, it is actually very simple. All the potential licensee has to do in order to get a license for this iconic photograph is cut and paste the HTML code provided into their website.

36.     The potential licensee would have to go out of its way to avoid complying with such a simple system.

37.     In fact, any potential licensee receives a pop-up that stops them, making it clear that they must first agree to, and follow, the exact attribution specifications of the Plaintiff before they copy the photograph. See **Exhibit F**.

38.     So there are at least three explicit stop signs on Wikipedia informing the potential licensee what it must do to obtain a license; (1) the express language of the "use this on the Web", (2) the "summary language" expressly stating the same, and (3) a pop-up window just in case the potential licensee somehow missed the first two.

39.     The Plaintiff is a professional photographer, and these photographs are his only product, how he makes a living.  Plaintiff gives away a small group of his iconic photographs on the express prerequisite that the potential licensee place Plaintiff's name and URL below (or in the immediate vicinity) of the photograph.

40.     Defendant elected to steal the Copyrighted Photographs, wipe them of all metadata, and reproduce and distribute the now wiped Copyrighted Photographs without attribution or with a "Wikipedia Commons" attribution.

41.     Defendant was offered a license on very specific terms and rejected it.  The fact that Defendant elected to reproduce the Copyrighted Photographs, even though it rejected the license, is intentional as defined by the Act.

**DEFENDANT'S VIOLATION OF THE DMCA**

42.     Defendant generates its revenue through advertising.

43.     The Defendant's use of the Copyrighted Photographs was simply to illustrate the articles in which they were found.  Simply, neither of the articles on the Subject Website, or the commentary, had any bearing on the photographs.

44.     Photography is an art form that may require the photographer to make many important creative decisions.

45.     A photographer is entitled to protection for such artistic elements as the particular lighting, the resulting skin tone on the subject, and the camera angle that he selected.

46.     Both the Jones and Mellencamp Photographs took significant maneuvering and skill to obtain.

47.     There were dozens of professional photographers at each show, yet the Plaintiff was the only one with the skill to pick the correct part of the stage, lighting, angle, aperture, and timing.

48.     Additionally, Plaintiff was sponsored by John Mellencamp to go to Farm Aid where he took the Jones Photograph.

49.     Years of hard work allowed Plaintiff to get access to the most advantageous lighting, angles, and timing.

50.     Defendant simply copied the photographs, removed the attribution, refused to get a license, and intentionally attempted to infringe without consequence.

51.     This violates the DMCA prohibition on wiping copyright information.

52.     Other individuals copied Defendant, further disseminating the Copyrighted Photographs without license or attribution. See **Exhibit G**.

53.     This type of predatory business tactic must be stopped.

## **FAIR USE**

54.     Plaintiff has a good faith belief that Defendant's offending activity was not fair use.

55.     Defendant could not possibly believe there was high probability that their continued use constituted fair use.

8

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

56.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

57.     Defendant has, without license from Plaintiff, reproduced and/or publicly distributed the Copyrighted Photographs.

58.     It cannot be disputed that Plaintiff has valid, registered copyrights, and that Defendant has reproduced and displayed the Copyrighted Photographs without a license, thus infringing Plaintiff's rights under the Copyright Act.  Irreparable injury is presumed here as Plaintiff has established a prima facie case of copyright infringement.

59.     Even after Defendant was put on notice that it had no license or authority, Defendant elected to continue to reproduce and display and/or distribute Plaintiff's Copyrighted Photographs.

60.     The making or the distribution, or both, of the photographs associated with the Copyright Registrations without attribution or license is actionable as acts of infringement under section 501 and fully subject to the remedies provided by sections 502 through 506 and 509.

61.     Defendant's predatory conduct was clearly intentional within the meaning of 504(c)(2) for purposes of enhancing statutory damages.  Defendant knew its actions constituted an infringement or at the very least acted with reckless disregard to Plaintiff's rights.

62.     Defendant's knowledge and intent may be inferred from its conduct including the reckless disregard of Plaintiff's right (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

63.     As a direct and proximate result of each of the Defendant's infringement, Plaintiff has incurred actual damages in the form of license fees while Defendant has used Plaintiff's

9

Copyrighted Photographs for their own commercial gain in an amount that will be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000, for each infringement of each copyright registration identified in **Exhibit A**, as available under the law.

<div align="center">

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA**
**17 U.S.C. § 1202**

</div>

64. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

65. Defendant intentionally removed or altered CMI knowing, or having reasonable grounds to know, that the removal will aid infringement. 17 U.S.C. § 1202(b).

<div align="center">

**PRAYER FOR RELIEF**

</div>

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

A. statutory damages in the amount of $150,000 per infringement for each Copyright Registration identified in the annexed **Exhibit A**, but in no case less than $30,000 with respect to each infringement, or for such other amount as may be proper pursuant to 17 U.S.C. § 504(c);

B. for Plaintiff's actual damage if Plaintiff so elects;

C. For actual or statutory damages under the DMCA;

D. attorneys' fees costs and disbursements in this action pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117; and,

E. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: February 19, 2016

GARBARINI FITZGERALD P.C.

By: _____
Richard M. Garbarini
Richard M. Garbarini (RG 5496)
250 Park Avenue
7th Floor
New York, New York 10177
Telephone: (212) 300-5358
Facsimile: (347) 218-9479