| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>LARRY PHILPOT,<br><br>        Plaintiff,<br><br> -against-<br><br>UMG RECORDINGS, INC.,<br><br>        Defendant. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED:  \_\_11/8/17\_\_\_\_\_<br><br>17 Civ. 5058 (AT)<br><br>**ORDER** |

ANALISA TORRES, District Judge:

  Plaintiff, Larry Philpot, brings this copyright infringement action against Defendant, UMG Recordings, Inc., alleging that Defendant unlawfully used Plaintiff's photographs of musicians Willie Nelson, Kenny Chesney, and Randy Travis on its website www.soundslikenashville.com. Compl. ¶¶ 16, 20, 24, ECF No. 1. Defendant moves to dismiss Plaintiff's action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's certificates of copyright registration for his photographs are predicated on false information, and that, as a result, they should be invalidated. Def. Mem. 1, ECF No. 22. For the reasons stated below, Defendant's motion is denied.

  In general, a certificate of copyright registration is a prerequisite to bringing a civil copyright infringement action. 17 U.S.C. § 411(a); *Whimsicality, Inc. v. Rubie's Costume Co., Inc.*, 891 F.2d 452, 453 (2d Cir. 1989) ("[P]roper registration is a prerequisite to an action for infringement."). A certificate of registration satisfies this prerequisite "regardless of whether the certificate contains any inaccurate information." 17 U.S.C. § 411(b)(1); *see also Archie MD, Inc. v. Elsevier, Inc.*, No. 16 Civ. 6614, 2017 WL 3601180, at *6 (S.D.N.Y. Aug. 20, 2017) ("[A] copyright infringement claim should not be dismissed on account of inaccurate information that was inadvertently included in the copyright registration, whether or not the inaccurate information is material.").

  Although Plaintiff has alleged the existence of valid certificates of registration and attached them to his complaint, *see* Compl. ¶¶ 9, 12, 15, Defendant posits that they are invalid. Specifically, Defendant argues that Plaintiff's photographs were incorrectly designated as unpublished when submitted to the Register of Copyrights for approval. Def. Mem. 12. According to Defendant, Plaintiff had previously posted the photographs to Wikipedia, which constituted publication and thus rendered false their designation as unpublished. *Id.*

  Under the Copyright Act, however, Plaintiff's certificates of registration would be invalid only if "the inaccurate information was included on the application for copyright registration with knowledge that it was inaccurate." § 411(b)(1). Here, assuming without deciding that Defendant's legal position regarding publication is correct, Defendant cannot establish as a factual matter that the allegedly inaccurate information was included on the application for copyright registration "with [Plaintiff's] knowledge that it was inaccurate." *Id.* Defendant assembles a series of documents—complaints in other lawsuits and file upload histories of Plaintiff's photographs on Wikipedia, ECF No. 24—and asks this Court to then draw the inference that Plaintiff must have known his photographs qualified as published when he submitted them for copyright registration. *See* Def. Mem. 12 ("Plaintiff unquestionably understood that he published the photographs the moment he

uploaded them to Wikipedia, he must have known that the [p]hotographs were published at the time he registered them as part of an unpublished collection."); Def. Reply 6, ECF No. 26 ("[I]t defies credulity to suggest that Plaintiff's error was inadvertent."). But at this stage of the proceedings and without any discovery, the Court cannot make such an inferential leap about Plaintiff's state of mind. On a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in Plaintiff's favor. *See LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). Accordingly, Defendant's motion is DENIED.

    SO ORDERED.

Dated: November 8, 2017
       New York, New York

_____
ANALISA TORRES
United States District Judge